**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DESTINY QUIRARTE** | ) | **CASE NO:  1:14-cv-1740** |
| 3153 W. 70th Street | ) | |
| Cleveland, OH  44102 | ) | **JUDGE** _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED RECEIVABLES GROUP, LLC** | ) | **JURY TRIAL DEMANDED** |
| c/o National Corporate Research Ltd. | ) | |
| 904 Master Drive | ) | |
| Galloway, OH  43119 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **ROBERT ROGERS** | ) | |
| 572 John Ross Parkway, Suite 107 | ) | |
| Rock Hill, SC  29730 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **ANGEL W. LOPEZ** | ) | |
| 572 John Ross Parkway, Suite 107 | ) | |
| Rock Hill, SC  29730 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **FELIX LOPEZ** | ) | |
| 572 John Ross Parkway, Suite 107 | ) | |
| Rock Hill, SC  29730 | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES PLAINTIFF, **DESTINY QUIRARTE,** by and through the undersigned counsel, and for his complaint against Defendants **UNITED RECEIVABLES GROUP, LLC, ROBERT ROGERS, ANGEL LOPEZ,** and **FELIX LOPEZ,** alleges and states as follows:

## INTRODUCTION

1.    This is an action for statutory damages brought by Plaintiff, **DESTINY QUIRARTE**, an individual consumer, against **UNITED RECEIVABLES GROUP, LLC, ROBERT ROGERS, ANGEL LOPEZ,** and **FELIX LOPEZ** (collectively "Defendants") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. (the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and which creates a private right of action to redress violations thereof.

2.    It is also for corollary claims under Ohio's Consumer Sales Practices Act, R.C. §1345 *et seq.* ("CSPA").

3.    This action is also brought for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. (the "TCPA"), which prohibits calls using automatic telephone dialing systems or artificial or prerecorded voices to cellular telephones without the express permission of the recipient, and which creates a private right of action to redress violations thereof.  Congress has found that such unwanted automated calls are a "nuisance and an invasion of privacy, regardless of the type of call." *Id*.

## VENUE AND JURISDICTION

4.    The action arises under 15 U.S.C. §1692 and 47 U.S.C. §227, federal statutes, and thus this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331.

5.    Venue is properly laid in this District pursuant to 28 U.S.C. §1391 in that Defendants transact business in this District and the cause of action asserted herein arose in this District.

## PARTIES

6.  DESTINY QUIRARTE is, and was at all relevant times herein, a resident of Cuyahoga County, Ohio.

7.  DESTINY QUIRARTE is a "consumer" as that term is defined under the FDCPA 15 U.S.C. §1692a(3) and the CSPA.

8.  UNITED RECEIVABLES GROUP, LLC, is a foreign corporate entity, which is registered to do business in Ohio and attempts to collect debts or otherwise obtain funds from Ohio consumers.

9.  UNITED RECEIVABLES GROUP, LLC, does business under the name of URG.

10.  UNITED RECEIVABLES GROUP, LLC, is a "debt collector" as that term is defined in 15 U.S.C. §1692a(6) and a "supplier" under the CSPA.

11.  On information and belief ROBERT ROGERS is a resident of South Carolina and is an officer, director, and/or shareholder of UNITED RECEIVABLES GROUP, LLC.

12.  ROBERT ROGERS is a "debt collector" as that term is defined in 15 U.S.C. §1692a(6) and a "supplier" under the CSPA.

13.  On information and belief ANGEL LOPEZ is a resident of South Carolina and is an officer, director, and/or shareholder of UNITED RECEIVABLES GROUP, LLC.

14.  ANGEL LOPEZ is a "debt collector" as that term is defined in 15 U.S.C. §1692a(6) and a "supplier" under the CSPA.

15.  On information and belief FELIX LOPEZ is a resident of South Carolina and is an officer, director, and/or shareholder of UNITED RECEIVABLES GROUP, LLC.

16.  FELIX LOPEZ is a "debt collector" as that term is defined in 15 U.S.C. §1692a(6) and a "supplier" under the CSPA.

17.     The Robert Rogers, Angel Lopez, and Felix Lopez, individually and/or collectively, exercise complete control over UNITED RECEIVABLES GROUP, LLC, so that it has no separate mind, that control is exercised to commit fraud or illegal acts against Ms. Quirarte and consumers like him, and that control resulted in injury, such that these individuals may be held liable for the acts of UNITED RECEIVABLES GROUP, LLC.

## FACTS

18.     Defendants began calling Destiny Quirarte within the past year.

19.     Defendants called Ms. Quirarte on her cell phone.

20.     Defendants called Ms. Quirarte in an attempt to collect a consumer debt, allegedly owed by her brother Thomas Lambert.

21.     Ms. Quirarte spoke with Defendants on multiple occasions.

22.     During every conversation, Defendants demanded information about Mr. Lambert.

23.     Ms. Quirarte informed the Defendants that the alleged account was disputed and not hers or her brothers.

24.     Nonetheless, Defendants threatened to initiate legal action against Ms. Quirarte's brother.

25.     During these conversations, Ms. Quirarte requested that Defendants cease calling her.

26.     Nonetheless, the calls continued unabated.

27.     Defendants were also rude and used foul language.

28.     Defendants misrepresented facts related to the alleged debt (such as the nature, its ownership, and amount of the debt) and their intentions with respect thereto.

29.     On or about July 17, 2014, through counsel, Ms. Quirarte informed Defendants that she was represented by legal counsel.

30.     Nonetheless, Defendants continued to contact Ms. Quirarte.

31. Subsequently, again through counsel, Ms. Quirarte contacted Defendants by telephone to demand that the telephone calls cease.

32. During the ensuing telephone conversation, Defendants misrepresented to Ms. Quirarte that they had ceased all collection activity on her brother's account in the first week of June.

33. Defendants' actions have caused Ms. Quirarte embarrassment, anxiety, aggravation, and other emotional damage.

34. In connection with the facts, events, and averments herein, Defendants acted willfully and maliciously, with spite and ill will, and/or with reckless disregard for Plaintiff's rights and safety.

## <u>FIRST CLAIM FOR RELIEF</u>
### (FDCPA Violations)

35. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully rewritten herein.

36. Defendants (individually and/or collectively) violated §1692b(1) by contacting a third party for an unlawful purpose.

37. Defendants (individually and/or collectively) violated §1692b(6) and §1692c(a)(2) by continuing to call Ms. Quirarte after being informed that she was represented by counsel.

38. Defendants (individually and/or collectively) violated 15 U.S.C. §1692d generally by engaging in the conduct described herein and other conduct to be proven at trial, which had the natural consequences to "harass, oppress, or abuse" Ms. Quirarte in connection with the collection of the alleged debt.

39. Defendants (individually and/or collectively) violated 15 U.S.C. §1692d(5) by causing Ms. Quirarte's phone to ring with intent to annoy, abuse, or harass.

40. Defendants' conduct violated 15 U.S.C. §1692e in that Defendants used false, deceptive, or misleading representations or means in connection with the collection of any debt.

41. Defendants (individually and/or collectively) violated 15 U.S.C. §1692e(5) by threatening legal action that could not be legally taken and that they did not intend to take.

42. Defendant violated 15 U.S.C. §1692e(10) by using deceptive means to collect a debt as described herein.

43. Defendant violated 15 U.S.C. §1692f generally by engaging in the conduct described herein and other conduct to be proven at trial, which is unfair and unconscionable.

44. Defendant violated 15 U.S.C. §1692f(1) by attempting to collect an amount to which they were not entitled.

45. Defendants (individually and/or collectively) violated the FDCPA in other ways as described herein and to be proven at trial.

46. Under the FDCPA, Destiny Quirarte is entitled to recover statutory damages, actual, damages, attorney fees, and costs for the violations described herein.

### SECOND CLAIM FOR RELIEF
(CSPA Violations)

47. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully rewritten herein.

48. As described herein and to be proven at trial, Defendants engaged in unfair and deceptive acts in violation of R.C. §1345.02 *et seq*.

49. As described herein and to be proven at trial, Defendants engaged in unfair and unconscionable acts in violation of R.C. §1345.03 *et seq*.

50. Specifically as described above, Defendants engaged in conduct which violates the FDCPA.

51.   By violating the FDCPA, Defendants have violated CSPA.

52.   Each of Defendants' violations of the FDCPA is a separate violation of the CSPA.

53.   The Public Inspection File of the Ohio Attorney General contains cases declaring the acts and practices described herein to be illegal.

54.   Under the CSPA, Defendants are liable to Destiny Quirarte for treble actual damages or $200 per violation, up to $5,000 for emotional and other noneconomic damages, plus costs and attorney fees.

## THIRD CLAIM FOR RELIEF
### (TCPA Violations)

55.   Plaintiffs re-allege and incorporate by reference each and every preceding paragraph as if fully re-written herein.

56.   As described above, Defendants knowingly made calls to Plaintiff's cellular telephone via an automatic telephone dialing system and/or using an artificial or prerecorded voice without her express permission.

57.   In fact, Defendants knowingly placed these calls after Plaintiff told them to cease.

58.   Thus, under the TCPA, Defendants are liable to the Plaintiff for a minimum of $500 per phone call and up to $1,500 per call since the calls were made knowingly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray as follows:

A.   That this Court award to Plaintiffs statutory damages of $1,000 each from Defendants herein for their various violations of the FDCPA.

B.   That this Court award to Plaintiffs the greater or treble actual damages or statutory damages of $200 each violations of the CSPA.

C.   That this Court award to each of the Plaintiffs $5,000 for noneconomic damages

7

pursuant to R.C. 1345.09(B).

D. That this Court award to the Plaintiffs actual damages in an amount to be proven at trial, including for emotional distress, annoyance, aggravation, loss of reputation, embarrassment, damage to credit, depression, anxiety, sleep deprivation, loss of appetite, and associated physical ailments.

E. That this Court award to Plaintiffs $1,500 for each call placed by Defendant to Ms. Quirarte's cell phone.

F. That this Court award attorney's fees, costs, and interest to Plaintiffs pursuant to the FDCPA, CSPA, and other applicable law.

G. That this Honorable Court awards to Plaintiffs such other and further relief as may be just and equitable.

Respectfully submitted,

s/ Michael L. Fine_____
Michael L. Fine (0077131)
3637 South Green Road, 2nd Floor
Beachwood, OH  44122
Phone & fax:  (216) 292-8884
mfine@ohioconsumerlawyer.com

**JURY DEMAND**

Plaintiff hereby requests a trial by jury as to all issues of fact in this action.

s/ Michael L. Fine_____
Michael L. Fine (0077131)
3637 South Green Road, 2nd Floor
Beachwood, OH  44122
Phone & fax:  (216) 292-8884
mfine@ohioconsumerlawyer.com

8